IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

NOV 0 5 2019

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN CICERO HUGHES,<br><br>Defendant. | CR 18–38–M–DLC<br><br>ORDER |

Before the Court is Defendant John Cicero Hughes's Opposed Combined Rule 29 and Rule 33 Motion. (Doc. 126.) The Court denies the motion.

## BACKGROUND

Following a five-day jury trial culminating in five hours of deliberation, Hughes was convicted on all counts of a twenty-count indictment. The counts of conviction are: (1) one count of health care fraud; (2) seventeen counts of theft of government money; (3) one count of false statements; and (4) one count of social security disability insurance fraud. All counts relate to Hughes's procurement of disability payments through the Department of Veterans Affairs and the Social Security Administration. Hughes now moves for judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29 and for a new trial under Rule 33.

## DISCUSSION

**I.     Rule 29 Motion**

Within 14 days of a guilty verdict, a defendant may move for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c)(1). If the Court grants a motion for acquittal under this section, it must then "conditionally determine whether any motion for a new trial should be granted if the judgment of acquittal is later vacated or reversed." Fed. R. Crim. P. 29(d)(1). "A judgment of acquittal is improper if, viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." *United States v. Ching Tang Lo*, 447 F.3d 1212, 1221 (9th Cir. 2006) (quoting *United States v. Alston*, 974 F.2d 1206, 1210 (9th Cir. 1992)).

Consistent with Hughes's oral Rule 29 motions made during trial, he argues that the government failed to meet its evidentiary burden as to each count of conviction.

**A. Count 1: Health Care Fraud**

Hughes was convicted of one count of health care fraud in violation of 18 U.S.C. § 1347. The Court's elements instruction derived directly from Ninth Circuit Criminal Pattern Jury Instruction 8.128A. In convicting Hughes on Count 1, the jury unanimously found that: (1) Hughes knowingly and willfully executed a

scheme or plan to obtain money or property under the custody or control of a health care benefit program by means of material false or fraudulent pretenses or representations; (2) he acted with the intent to defraud; (3) the Veterans Health Administration and Veterans Benefits Administration[1] were health care benefit programs; and (4) the scheme or plan was executed in connection with the delivery or payment for health care benefits, items, or services. (Doc. 115 at 16.)

Hughes argues that the government did not prove health care fraud because: (1) it failed to prove that Hughes acted with intent to defraud; (2) it failed to prove that Hughes made materially false statements; and (3) it failed to show that Hughes did not act out of ignorance, mistake, or accident. (Doc. 127 at 4–5.) A reasonable jurist could find that the government met its burden as to each element of health care fraud.

First, the jury saw video evidence of Hughes running errands, driving, riding a motorcycle, and clearing snow off the roof of an RV, activities that could reasonably be viewed as inconsistent with the information Hughes provided to the VA healthcare provider who assessed his disability rating on January 23, 2018.

---

[1] Both the Veterans Health Administration and Veterans Benefit Administration fall under the umbrella of the Department of Veterans Affairs ("VA"). The distinction between the subagencies was relevant to Hughes's motion to suppress (*see* Doc. 93), but is not relevant to this Order. Thus, the Court refers generally to the VA throughout.

Given that inconsistency, it would not be unreasonable for a jurist to find that Hughes acted knowingly, willfully, and with the intent to defraud. Second, a jurist could also reasonably conclude that Hughes's statements to the provider were material, as the provider testified that she took them into account in her evaluation of Hughes's disability. Third and finally, the fact that the VA did not inform Hughes of an obligation to report changes in his condition is fertile ground for a defense to the requisite mental state but not a reason to grant Hughes's motion for acquittal. Hughes made this argument to the jury, and the jury rejected it, which was not unreasonable in light of the evidence supporting its finding that Hughes exaggerated his condition during the January 23, 2018 assessment. The jury was not instructed that it could convict simply on Hughes's failure to update the VA as his symptoms improved, and there is no reason to believe that they convicted him on such basis.

### B. Count 2–18: Theft of Government Money

The jury convicted Hughes of seventeen counts of theft of government money in violation of 18 U.S.C. § 641. Following Ninth Circuit Criminal Pattern Jury Instruction 8.39, the jury found as to each count that: (1) Hughes knowingly converted to his use money with the intention of depriving the owner of the use or benefit of the money; (2) the money belonged to the United States; and (3) the

value of the money was more than $1,000. (Doc. 115 at 20.) The jury also received the pattern instruction defining the word "knowingly":

> An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

(Doc. 115 at 29.)

Hughes argues that the government's evidence did not support the jury's finding that he acted knowingly. The Court disagrees. Hughes's argument depends, again, on the VA's failure to put him on notice of a continuing obligation to report improvements in his health. While it is somewhat curious that the VA materials did not include such language, it is not grounds for acquittal, as the counts of conviction do not include an element of a duty to disclose. Hughes argued at trial that he did not act knowingly because the VA failed to inform him that he must update the VA if his abilities exceed his rating. The jury disagreed, which was not unreasonable. The jury heard evidence of Hughes's physical health and abilities throughout the relevant time period, and it reasonably concluded that Hughes acted knowingly when he received his disability checks each month.

### C. Count 19: False Statements

Hughes was convicted of one count of false statements in violation of 18 U.S.C. § 1001. Consistent with Ninth Circuit Criminal Pattern Jury Instruction 8.73, the jury found that: (1) Hughes made a false statement in a matter within the jurisdiction of the VA; (2) he acted willfully—deliberately and with knowledge that the statement was untrue and that his conduct was unlawful; and (3) the false statement was material to the activities or decisions of the VA, meaning that it had a natural tendency to influence, or was capable of influencing, the agency's decisions or activities. (Doc. 115 at 22.)

Hughes contends that the government failed to meet its burden of proving that his false statements were material, mirroring his materiality argument regarding Count 1. *See supra* p. 4. The argument similarly fails as to Count 19. The jury heard testimony from the healthcare provider to whom Hughes's false statements were made. She testified about how and why she considered the statements in her assessment, which was in turn used to determine Hughes's appropriate level of disability.

### D. Count 20: Social Security Disability Insurance Fraud

The jury convicted Hughes of one count of Social Security Disability Insurance Fraud in violation of 42 U.S.C. § 408(a)(4). Because there is no relevant

-6-

pattern instruction, the elements instruction mirrored the requirements of the statute and the theory presented to the grand jury in the indictment. The jury found that: (1) Hughes had knowledge of an occurrence or event affecting his continued right to receive Social Security Disability Insurance benefits; (2) he knowingly concealed or failed to disclose the occurrence or event; and (3) he intended to fraudulently secure such benefit when no such benefit was authorized. (Doc. 115 at 24.)

Hughes argues that the government failed to establish: (1) that Hughes acted knowingly and with fraudulent intent; and (2) the occurrence of an event necessitating disclosure or Hughes's knowledge of such event and its effect on his right to receive further benefits. The Court disagrees. The government introduced evidence supporting its position that Hughes knew that his activity level had substantially improved following his initial application for benefits. The evidence was sufficient for a reasonable jurist to find both the requisite mens rea and Hughes's knowledge of an occurrence or event—the improvement in his health and ability—necessitating disclosure.

The Court denies Hughes's Rule 29 motion. Hughes appropriately raised each of the arguments made in his motion to the jury, which considered but

rejected them. The Court will not overturn the jury's factual findings, made after a week of testimony and a substantial period of deliberation.

## II.     Rule 33 Motion

Under Rule 33, the Court may "vacate any judgment and grant a new trial if the interest of justice so requires." "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury. *Id.* at 1211–12 (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

Hughes argues that, "[i]n addition to the multiple evidentiary failings in the Government's case set forth in [his] Rule 29 motion, . . . the interests of justice necessitate a new trial because a key defense witness, Wendy Hughes, asserted her right to silence and was unable to testify." (Doc. 127 at 10.) As discussed above, the evidence is sufficient to support the jury's verdict. The same considerations counsel the Court to deny the Rule 33 motion on the basis of evidentiary

-8-

insufficiency. Rule 33 gives the Court the authority to grant a new trial because it "com[es] to a different conclusion than did the jury." *A. Lanoy Alston*, 974 F.2d at 1213. The Court does not find that such extraordinary relief is warranted here; both parties presented substantial evidence and made strong arguments, and the Court trusts the jury's reasoning and deliberation.

As to Hughes's alternative argument in favor of a new trial, Hughes wanted to call his wife, Wendy, to the stand, but she asserted a blanket Fifth Amendment privilege. On the record, the Court heard argument on this issue from the parties and from Wendy's attorney. Wendy was present at many of Hughes's medical and benefits appointments, and she received financial benefit as Hughes's caregiver. Hughes's counsel admitted he could not think of any relevant question for Wendy that would not implicate her Fifth Amendment rights. The Court agreed with counsel's assessment, concluding on the basis of "its knowledge of the case and of the testimony expected from the witness," that Wendy "could legitimately refuse to answer all relevant questions." *United States v. Klinger*, 128 F.3d 705, 709 (9th Cir. 1997) (quoting *United States v. Tsui*, 649 F.2d 365, 368 (9th Cir. 1981)).

Hughes does not suggest that the situation will be any different if the Court grants his motion for a new trial. Rather, he posits that the only meaningful relief would be to seek immunity for Wendy, and he does not present any legal authority

demonstrating that he is entitled to such relief. In any event, the Court finds that the interests of justice do not weigh in favor of granting Hughes's motion on the basis of Wendy's unavailability. For one thing, it remains unclear what Wendy could have said that would have helped Hughes. And any such evidence would likely have been duplicative, given the supportive testimony of friends and family members who witnessed Hughes's condition throughout the relevant time period. Hughes had the opportunity to mount a full defense, and the interests of justice do not support his motion for a new trial.

Accordingly, IT IS ORDERED that Defendant John Cicero Hughes's Opposed Combined Rule 29 and Rule 33 Motion is DENIED.

DATED this 5th day of November, 2019.

Dana L. Christensen, Chief Judge
United States District Court